THIS ORDER IS APPROVED.

Dated: February 26, 2020

*Brenda Whinery* (signature)

**Brenda Moody Whinery, Chief Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| VICTOR D. REECE, | Case No. 4:19-bk-03836-BMW |
| Debtor. | **RULING AND ORDER RE: DEBTOR'S OBJECTION TO PROOF OF CLAIM 4-1 AND RELATED NOTICE OF POST-PETITION MORTGAGE FEES, EXPENSES, AND CHARGES** |

This matter came before the Court pursuant to Proof of Claim 4-1 (the "Claim") filed by Timothy Williams, Trustee of the Wilmore Wholesale Inc. Profit Sharing Plan & Trust Dated July 29, 2019, and Jean Williams, Trustee of the Jean E. Williams Revocable Family Trust, (collectively, the "Creditors") on April 25, 2019; the accompanying *Notice of Postpetition Mortgage Fees, Expenses, and Charges* (the "Notice") filed by the Creditors on September 12, 2019; the *Objection to Proof of Claim* (the "Objection") (Dkt. 36) filed by Victor D. Reece (the "Debtor") on September 16, 2019; the *Response to Objection to Proof of Claim* (the "Response") (Dkt. 38) filed by the Creditors on September 20, 2019; and all pleadings related thereto.

On November 5, 2019, the Court held a hearing on the Objection (the "Hearing"), at which time the parties presented oral argument, rested on their pleadings, and agreed to allow the Court to rule on the remaining issues of whether the pre-petition trustee's fees and post-petition attorneys' fees, costs, and trustee's fees sought by the Creditors are reasonable, without evidence or a further hearing. Based upon the pleadings, arguments of counsel, and entire record before the Court, the Court now issues its ruling.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).

## II. Factual & Procedural Background

On April 3, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

On April 16, 2019, the Debtor filed a chapter 13 conduit plan (the "Plan") (Dkt. 10).

On April 25, 2019, the Creditors filed the Claim in the amount of $56,194.85, which amount includes $2,356.48 in pre-petition trustee's fees and $15,623.03 in pre-petition arrears. The Creditors assert that the Claim is fully secured by a deed of trust on the Debtor's residence.

On the same date, the Creditors filed an objection to the Plan on the basis that the Plan, among other things: (1) failed to account for pre-petition arrears; (2) failed to account for § 506(b)[1] fees, costs, and charges; (3) was impermissibly proposing to modify the Debtor's mortgage; and (4) was not feasible. (Dkt. 16).

On June 7, 2019, the Creditors filed a motion for stay relief (the "Stay Relief Motion"), in which they sought relief under §§ 362(d)(1) and (d)(2). (Dkt. 18). The Debtor objected to the Stay Relief Motion on the basis that there was an equity cushion in the Creditors' collateral, plan payments were current, and post-petition conduit mortgage payments were current. (Dkt. 23).

On August 8, 2019, the Debtor filed an amended chapter 13 conduit plan (the "Amended Plan"). (Dkt. 29). The Creditors objected to the Amended Plan for the same reasons they objected to the Plan. (Dkt. 30).[2]

On September 12, 2019, the Creditors filed the Notice in which they assert that they are entitled to § 506(b) attorneys' fees and costs in the amount of $4,776.30, plus post-petition trustee's fees in the amount of $275.00 through September 12, 2019. Billing statements itemizing and describing the fees and costs at issue are attached, according to which the Creditors primarily

---

[1] Unless otherwise indicated, statutory citations are to the Bankruptcy Code, title 11 of the United States Code.

[2] A proposed stipulated order of confirmation has since been submitted to the chapter 13 trustee for review.

incurred post-petition fees and costs in connection with: (1) the filing and pursuit of the Claim; (2) the filing and pursuit of the Stay Relief Motion; (3) the filing of objections to the Debtor's Plan and Amended Plan; (4) communications with third parties about the Claim; and (5) the monitoring of the status of this case.

On September 16, 2019, the Debtor filed the Objection, in which the Debtor questions the reasonableness of the pre-petition trustee's fees and asks the Court to disallow the post-petition fees and costs in their entirety on the basis that they are not reasonable because he has been current on plan payments, which payments include post-petition mortgage payments, since the commencement of this case.

On September 17, 2019, the Court held a preliminary hearing on the Stay Relief Motion, at which time counsel for the Creditors reported that the Debtor was current on post-petition mortgage payments and plan payments, so the Creditors were not pursuing their request for stay relief. Given the representations of counsel, the Court questioned why the Stay Relief Motion was filed.

On September 20, 2019, the Creditors filed the Response, which is nearly unintelligible, but in which they: (1) appear to seek additional post-petition attorneys' fees related to the preparation of the Response; and (2) acknowledge that the post-petition attorneys' fees incurred to file and pursue the Stay Relief Motion were unnecessarily incurred as a result of incorrect information relayed by the Creditors' account servicing agent.

On November 5, 2019, the Court held the Hearing at which time Counsel for the Debtor asked the Court to review the pre-petition trustee's fees in addition to the post-petition attorneys' fees, trustee's fees, and costs, and the parties agreed to rest on their pleadings and allow the Court to rule on the outstanding reasonableness issues. At the hearing the Court made it clear that the Court would not entertain any request for additional post-petition fees related to the preparation of the Response.

**III. Legal Analysis**

    A.    <u>Pre-Petition Trustee's Fees</u>

Creditors' counsel represented to the Court that the $2,356.48 in pre-petition trustee's fees

included in the Claim, which fees are itemized in a statement attached to the Claim, represent routine trustee's fees. (*See* 11/5/2019 Hearing Tr. 3:8-18). The Debtor has asserted a blanket objection to these trustee's fees, but the Debtor has not identified which of the itemized fees he asserts are not reasonable. Further, the Debtor has not objected to the pre-petition arrears portion of the Claim in which the Creditors assert that the Debtor was more than $15,000 in arrears as of the Petition Date. The Debtor's concession of the pre-petition arrearages supports a finding that the pre-petition trustee's fees are justified and reasonable.

Based upon the foregoing, the Court will overrule the Debtor's objection to the pre-petition trustee's fees.

B. <u>Post-Petition Trustee's Fees, Attorneys' Fees, and Costs</u>

Section § 506(b) provides in relevant part:

> To the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

The parties do not dispute that the Creditors are entitled to reasonable fees, costs, and charges pursuant § 506(b) and the terms of the *Promissory Note Secured by Deed of Trust* (Proof of Claim 4-1 at 4-5). Rather, the parties disagree about whether the post-petition fees and costs the Creditors are seeking to recover are reasonable.

A party seeking § 506(b) fees and costs has the burden of establishing that its fees and costs are reasonable. *In re 1910 Partners*, No. AP 15-90006, 2017 WL 6273314, at *7 (B.A.P. 9th Cir. Dec. 8, 2017).

"[A]ttorneys applying to a court for attorneys' fees should exercise good billing judgment by making 'a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . .'" *In re Thomas*, No. BAP.CC-08-1307-HMOPA, 2009 WL 7751299, at *4 (B.A.P. 9th Cir. July 6, 2009), *aff'd,* 474 F. App'x 500 (9th Cir. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939–40, 76 L. Ed. 2d 40 (1983)). Because block billing prevents a court from being able to evaluate the necessity of services or

the time spent on tasks, block billing is "universally disapproved by bankruptcy courts," and warrants a fee reduction. *In re Thomas*, 2009 WL 7751299, at *5-6.

For purposes of § 506(b), "[t]he key determinant for 'reasonableness' is whether the creditor incurred expenses and fees that fall within the scope of the fees provision in the parties' agreement and took the kinds of actions that similarly situated creditors might reasonably conclude should be taken." *In re 1910 Partners*, 2017 WL 6273314, at *7. Courts should consider all relevant factors including "whether . . . the creditor reasonably believed that the services employed were necessary to protect its interests in the debtor's property." *Id.* However, courts should not reward overly aggressive parties or attorneys. *Id.*

### 1. *Post-Petition Trustee's Fees*

As with the pre-petition trustee's fees, the $275.00 in post-petition trustee's fees are itemized in a statement attached to the Notice and appear to be routine trustee's fees. The Debtor has asserted a blanket objection to the trustee's fees, but the Debtor has not identified which of the itemized fees he asserts are not reasonable.

Based upon the foregoing, the Court will overrule the Debtor's objection to the post-petition trustee's fees.

### 2. *Post-Petition Attorneys' Fees & Costs*

The Creditors have been active participants in this case and the Court does not find Creditors' counsel's hourly rate to be unreasonable. However: (1) the Creditors have acknowledged that the $2,344.00 in fees and costs incurred to file and pursue the Stay Relief Motion were incurred unnecessarily as a result of incorrect information the Creditors received from a third party servicer; and (2) Creditors' counsel block-billed a number of entries, which entries lump attorney and non-attorney tasks together and prevent the Court from conducting a meaningful reasonableness review of each of the tasks therein.[3] A fee reduction is therefore

---

[3] For example, an April 19, 2019 entry bills 3.00 hours at counsel's attorney rate for the following: "Commenced analyzing Debtor's Schedules, Statement of Affairs and Chapter 13 Plan, commenced analyzing additional documents supplied by Total Lender Solutions and LoanCare, respectively, commenced preparing Clients' anticipated Rule 4001-1(b) Letter, undertook a myriad of calculations, held several extended TCW Ms. Tina Biskupiak at Total Lender Solutions, prepared drafts of Reinstatement and Pay-off Statements, forwarded same to Ms. Biskupiak for her review/input, and lastly, prepared E-Mail Message to Ms. Ruth Flowers at LoanCare requesting additional documents." This entry

warranted.

Specifically: (1) a reduction of $2,344.00 is warranted for fees and costs incurred in connection with the stay relief proceedings based on the Creditors' counsel's own representations that these fees and costs were unnecessarily incurred; and (2) a reduction of $500.00 is warranted in light of Creditors' counsel's block-billed entries, which entries lump together attorney and non-attorney tasks, all of which were charged at counsel's attorney rate, and which entries leave the Court with no way to evaluate whether any individual task therein was expeditiously performed.

Wherefore, based upon the foregoing, upon consideration of the entire record and for good cause shown;

**IT IS HEREBY ORDERED** that the Objection is sustained in part and overruled in part.

**IT IS FURTHER ORDERED** that the fees and costs, as asserted in the Claim and Notice are allowed as follows:

1) the pre-petition trustee's fees are allowed in the amount of $2,356.48;

2) the post-petition trustee's fees are allowed in the amount of $275.00; and

3) the post-petition attorneys' fees and costs are approved in the reduced amount of $1,932.30.

**DATED AND SIGNED ABOVE.**

Notice to be sent through the
Bankruptcy Noticing Center ("BNC")
to the following:

Victor D. Reece
678 W Shannons Wy
Coolidge, AZ  85128

/ / /

/ / /

---

lumps together no fewer than seven tasks.

Notice of Electronic Filing to be sent via email, through the CM/ECF System, to the following registered users:

James J. Gentile
James J. Gentile PC
*Counsel for Debtor*

David L. Knapper
Law Offices of David L. Knapper
*Counsel for Creditors*

Dianne C. Kerns, Chapter 13 Trustee

U.S. Trustee, Office of the U.S. Trustee